IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br><br>GAVIN ONUFFER,<br>Defendant. | Criminal Action<br><br>Case No.: 25-10050-02-EFM |

**MOTION FOR VARIANCE & DEPARTURE SENTENCE**

COMES NOW, the Defendant, Gavin Onuffer, by and through his attorney, Mark Sevart, and moves this Court to make a Variance and Departure from the recommended guideline sentence in this case.

In support of the Motion, the Defendant will show the Court that following:

18 U.S.C. § 3553(a) requires district courts to impose a sentence "sufficient but not greater than necessary" to comply with the purposes of sentencing. These purposes are discussed in *Rita v. United States*, 551 U.S. 338, 347-48, 127 S.Ct. 2456 (2007) and identified as:

1. Retribution (to reflect the seriousness of the offense, to promote respect for the law, and to provide "just punishment");
2. Deterrence (to afford adequate deterrence to criminal conduct);
3. Incapacitation ("to protect the public from further crimes"); and,
4. Rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner).

The Sentencing Guidelines calculation found in the PSR is

merely advisory as the Trial Court maintains discretion. *United States v. Booker*, 543 U.S. 220 (2005).

In determining a sentence sufficient but not greater than necessary to meet these purposes, the Court will consider the factors listed in 18 U.S.C. § 3553(a). These factors are:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The kinds of sentences available;
3. The advisory guideline range found in the United State's Sentencing Guidelines and policy statements issued by the Sentencing Commission;
4. The need to avoid unwarranted sentencing disparity; and,
5. The need to provide restitution where applicable.

The nature and circumstances of the current cases involves the viewing of inappropriate and unlawful electronic images.

A plea agreement has been reached wherein the Government is to recommend a sentence at the low end of the applicable guideline range. The Defendant is free to seek a sentence less than the guideline range, but not below the statutory minimum. The Defendant is asking the Court to impose the statutory minimum sentence in this case.

**Guideline Range**

The Government has agreed to recommend a sentence at the low end of the applicable guideline range. There is a concern that to defeat a low end sentence, the Government hopes to push the guideline calculation to its limits, so as to create a rather large, low end number.

The Defendant on the other hand hopes to limit the guideline

range to support a statutory minimum sentence of 5 years.

In that regard, Mr. Onuffer has made three objections to the PSR regarding how the offence points were calculated.

The objections to the PSR are:

**1. IMAGES OF SADISTIC BEHAVIOR +4 points for 2.G.2.2(b)(4)**

A major increase in offence points is sought by the Government claiming the images are Sadistic. They cite a case that agreed with a District courts finding of sadistic images in a photo it reviewed. In other words the Court did not abuse its discretion. That is not the same as ruling that the enhancement must be added anytime there is an image of child intercourse.

There is no dispute that there are images of intercourse with children. Likewise there is no dispute that there is no images of torture, bondage, use of weapons, cuttings, or other violence outside of the sex act itself.

The base offence level already sets a high number to cover the sexual aspects of the images. Given the governments position, 4 points would be added in every case.

**2. VIDEO IMAGES +5 points for 2.G.2.2(b)(7)(d)**

The Government seeks to add 5 points claiming a large number of images were located on a phone. The actual number of images was 6, per page 11 of the PSR. Then there were 17 videos. The videos were not intentionally stored on the phone, rather they were cached by the APP. APP cache is the temporary storage used

by APPs and browsers to improve performance. The videos are not saved because the Defendant manually saved them, but because the APP automatically stored them for better faster access.

Adding 5 points because what the APP did, significantly increases the guideline range.

**3. MINIMAL PARTICIPATION -3 points for 3.B.1.2**

There is no evidence of the Defendant created any images. There was no profiteering off of the images. He simply received some images from his wife.

Even if the Court were to overrule the objections, the issues raised in the objections could still be considered in determining the appropriate sentence.

Offence Characteristics

While the offence conduct in this case is troubling it is not the worst we've seen. A significant amount of the material was animation.

Offender Characteristics

An analytical approach to sentencing should be applied in this case. Emotions can too often take over in this type of case, resulting in a sentence that is contrary to 18 U.S.C. § 3553(a).

Mr. Onuffer is 28 years old and has no prior criminal history.

The evidence in this case involved two people who were both

sexually abused as children. They found each other and tried to build a life together. They are still married, have a home and a child together.

A better direction in disposition in this case is to recognize the damage caused by their own victimization and take a rehabilitation approach.

While in custody, Mr. Onuffer has participated in 75 learning hours through the Butler County Jail edovo program. He has completed 14 coursers including programs related to parenting, stress management, sex addiction, anger management, and PTSD for veterans.

Mr. Onuffer has been a productive member of our society. He has served his country, and will now, likely lose everything he has worked for. His freedom, his assets, and most significantly his family are all at stake.

The minimum sentence of 5 years is appropriate and more than sufficient to comply with 18 U.S.C. § 3553(a).

WHEREFORE, the Defendant, Gavin Onuffer, moves the Court to make a Variance and Departure from the recommended guideline sentence in this case.

Respectfully Submitted,

/S/ Mark Sevart

Mark Sevart 12503
Attorney for Defendant

NOTICE OF HEARING

Please be advised that the foregoing motion will be heard on August 18, 2026 at 10:30 a.m. before Judge Melgren at the Federal Courthouse in Wichita, Kansas.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was filed via electronic filing and automatically forwarded, this August 12, 2026 to Molly Gordon, US Attorney's Office, and all other interested parties.

/s/Mark Sevart
Mark Sevart